UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

**MALCOLM JAMES SIMON**           **CIVIL ACTION NO. 6:13-cv-0784**
    **LA. DOC # 532876**
**VS.**           **SECTION P**

          **JUDGE DOHERTY**

**NATHAN CAIN, WARDEN**           **MAGISTRATE JUDGE  HILL**

<u>**REPORT AND RECOMMENDATION**</u>

Before the Court is *pro se* petitioner Malcolm James Simon's Motion to Proceed in *forma pauperis* on Appeal. [rec. doc. 31].

The instant federal *habeas corpus* action was filed on April 12, 2013.  Thereafter, Petitioner paid this Court's filing fee.  On November 13, 2014, the undersigned Magistrate Judge issued a Report and Recommendation ("R & R") recommending that Petitioner's *habeas corpus* petition be dismissed with prejudice because three of petitioner's claims were procedurally defaulted and the remaining four claims were without merit. [rec. doc. 26].  The Petitioner did not file any objections to the R & R.  On December 5, 2014, the Court adopted the R & R, and denied dismissed  Petitioner's *habeas* petition with prejudice. [rec. doc. 27].  The Court denied a certificate of appealability ("COA") that same date. [rec. doc. 28].

Under 28 U.S.C. § 1915(a)(3) and FRAP 24(a)(2) and (3)(A), the district court may deny IFP status on appeal, even though IFP was granted for proceedings in the district court, when the court "certifies that the appeal is not taken in good faith . . . and states in writing its reasons for the certification. . . ."  *See also Baugh v. Taylor,* 117 F.3d

197, 202 (5th Cir. 1997); *Pohl v. Thaler*, 429 Fed. App'x 408, 409 (5th Cir. 2011) (unpublished). "[W]hen the underlying claims . . . [are] entirely frivolous and [have] no possibility of success," the appeal is not taken in good faith. *Baugh*, 117 F.3d at 201–02. Moreover, if the district court finds no "legal points arguable on their merits," then an appeal is not taken in "good faith." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983), *reh'g denied*, 719 F.2d 787 (5th Cir. 1983); *Pohl,* 429 Fed. App'x at 409.[1] To comply with Rule 24 and to inform the Court of Appeals of the reasons for its certification, a district court may incorporate by reference its order dismissing an appellant's claims. *Baugh*, 117 F.3d at 202 n. 21.

Petitioner did not proceed in *forma pauperis* in this District Court; he is therefore not automatically authorized under FRAP 24(a)(3) to proceed in *forma pauperis* on direct appeal. Moreover, for the reasons stated in the Report and Recommendation and the Judgment of Dismissal adopting the Report and Recommendation and denying and dismissing Petitioner's *habeas corpus* petition, it is clear that petitioner does not have a "good faith" non-frivolous issue for appeal as required for leave to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(a)(3); Fed.R.App. P. 24(a)(3)(A); *Baugh*, 117 F.3d 197 at 202 n. 21. Indeed, given the resolution of this case, any appeal by petitioner would be premised upon frivolous claims and legal points not arguable on the merits that have no

---

[1] *See also Wai Leung Chu v. United States*, 353 Fed. Appx. 952, 953 (5th Cir. 2009) (*per curiam*); *Groden v. Kizzia*, 354 Fed. Appx. 36, 36 (5th Cir. 2009) (*per curiam*); *Walton v. Valdez*, 340 Fed. Appx. 954, 955 (5th Cir. 2009) (*per curiam*).

possibility of success. Furthermore, because the Petitioner has not shown that he is entitled to a certificate of appealability, he also has not shown that he is entitled to proceed in *forma pauperis* on appeal. *See Williams v. Director, TDCJ-CID,* 2012 WL 4483878, *1 (E.D. Tex. 2012) *citing United States v. Delario*, 120 F.3d 580, 582–83 (5th Cir. 1997); *Marshall v. Director, TDCJ-CID,* 2012 WL 2524286, *1 (E.D. Tex. 2012) *citing Delario*, *supra.*

Therefore, the undersigned recommends that this Court certify that Petitioner's appeal is not taken in good faith under 28 U.S.C. § 1915(a)(3) and Rule 24(a) of the Federal Rules of Appellate Procedure and accordingly, that Petitioner not be permitted to proceed in *forma pauperis* on appeal.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except**

**upon grounds of plain error. See** *Douglas v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

   THUS DONE AND SIGNED in Chambers at Lafayette, Louisiana, this 7th day of January, 2015.

*[signature]*

C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE